UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY DESEAN ADAMS,<br><br>Plaintiff,<br><br>v.<br><br>LAYLA HAYNES, et al.,<br><br>Defendants. | NO. CV 22-5475-DOC (AGR)<br><br>ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH A COURT ORDER TO PAY THE INITIAL PARTIAL FILING FEE |

## I.

## **PROCEDURAL HISTORY**

On April 21, 2022, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983. Plaintiff filed the complaint in the United States District Court for the Northern District of California, which transferred it to this judicial district.

On August 16, 2022, this Court granted Plaintiff's request to proceed without prepayment of filing fees and assessed an initial partial filing fee of $148.77 to be paid within 30 days. The deadline passed on September 15, 2022. (Dkt. No. 13.) The court has not received payment.

In addition, the Court screens the complaint to determine whether it fails to

state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

The Court's screening is governed by the following standards. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).

A pro se complaint is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Nevertheless, "[under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (*en banc*).

## II.
## SUMMARY OF COMPLAINT .

Plaintiff is incarcerated at California Men's Colony ("CMC"). (Dkt. No. 1 at 1.) Defendants are CMC correctional officers A. Monreno and A. Dolida, and private individuals Layla Haynes and Yolanda Adams. (*Id.* at 2-3.) The alleged civil rights violations involve identity theft, fraud and embezzlement, and were committed outside of prison. (*Id.* at 2.)

In September 2016, when Plaintiff was already incarcerated, he inherited a large sum of money. (*Id.*) Defendants Haynes and Adams, who were living at

Plaintiff's prior address in Richmond, California, had access to his financial and identifying information.  They used his identity to purchase property, vehicles and other items without his consent.  (*Id.* at 3.)  Haynes and Adams agreed to repay the money to Plaintiff, but they have not done so.  Instead, Haynes and Adams used Plaintiff's identity to help Defendants Monreno and Dolida purchase real estate in San Jose, Antioch and Santa Cruz, and obtain vehicle leases.  (*Id.* at 3-4.)  Plaintiff needs the money for medical and legal expenses.  (*Id.* at 3.)

Plaintiff requests reimbursement of his financial losses, an additional $10 million in damages, and civil commitment for Defendants Monreno and Dolida. (*Id*. at 4.)

## III.
## FAILURE TO PAY INITIAL PARTIAL FILING FEE

Plaintiff failed to pay the initial partial filing fee of $148.77 by the court-ordered deadline on September 15, 2022.  The court is authorized to collect this amount "when funds exist."  28 U.S.C. § 1915(b)(1).

Plaintiff will be ordered to show cause why this action should not be dismissed without prejudice for failure to comply with a court order to pay the initial partial filing fee.  *See Taylor v. Delatoore*, 281 F.3d 844, 850-51 (9th Cir. 2002).

## IV.
## SCREENING

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendants Haynes and Adams are private parties.  (Dkt. No. 1 at 2.) Private parties do not generally act under color of state law.  *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).  Indeed, the law presumes that

conduct by private actors is not state action. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

Private parties can act under color of state law if they conspire with state officials, engage in joint activity with state officials, become so closely related to the State that their actions can be deemed to be those of the State itself, or perform public functions. *Price*, 939 F.2d at 708. None of these is pleaded here.

Rather, the complaint alleges purely private conduct by all four Defendants, including correctional officers Monreno and Dolida. Plaintiff alleges that Defendants committed identity theft, fraud and embezzlement against him and purchased real estate and other property with his inheritance. His factual allegations do not show any connection between the wrongful acts allegedly committed by Defendants Monreno and Dolida, and their positions as correctional officers at CMC. *Compare McDade v. West*, 223 F.3d 1135, 1038, 1041 (9th Cir. 2000) (district attorney's office employee acted under color of state law when she accessed database by virtue of her official position and used it to locate confidential location of her husband's ex-wife at domestic violence shelter). Indeed, Plaintiff attributes the fraud to private parties Haynes and Adams, who had access to his financial and identifying information by virtue of living in his house and (for unknown reasons) used his money to benefit Defendants Monreno and Dolida as well as themselves. (Dkt. No. 1. at 3-4.)

Section 1983 "does not federalize all torts or other deprivations of rights committed by a person who is a law enforcement officer or other government agent." *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015) (internal quotation marks and citation omitted). "[A] government employee does not act under color of state law when he pursues private goals via private actions." *Id.* at 1037.

Under the factual allegations of the complaint, Defendants Monreno and Dolida did not act under color of state law when they participated in the alleged identity theft and fraud against Plaintiff. *See id.* at 1034-39 (deputy district

attorney who denigrated plaintiff in his personal blog and damaged her credit history by publishing her social security number did not act under color of state law); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) *(*off-duty police officer who returned to plaintiffs' home where he had seen contents of safe during on-duty search and robbed and assaulted plaintiffs was not acting under color of state law).

It follows that the private parties, Defendants Haynes and Adams, did not act under color of state law when they allegedly "helped" Defendants Monreno and Dolida obtain real estate and other property with Plaintiff's money. Hayes and Adams clearly did not act under color of state law when they used Plaintiff's inheritance for their own benefit.

"Purely private conduct, no matter how wrongful," is not covered under Section 1983. *Ouzts v. Maryland Nat'l Ins*. Co., 505 F.2d 547, 550 (9th Cir. 1974). There is no right to be free from the infliction of constitutional deprivations by private individuals. *Van Ort,* 92 F.3d at 835*; see generally DeShaney v. Winnebago Cy. Dep't of Social Serv.*, 489 U.S. 189, 196 (1989) (Fourteenth Amendment's "purpose was to protect the people from the State, not to ensure that the State protected them from each other").

Plaintiff, therefore, has not alleged a Section 1983 claim against any of the four Defendants.

## V.
## **MOTION FOR LEAVE TO ADD DEFENDANTS**

On July 1, 2022, before the case was transferred to the Central District, Plaintiff filed a motion to add 12 individuals as additional defendants: Rachel Sawczuk, Victoria Lenihan, J. Best, Kozar, Nicole Crawford, S. Lund, Mary Bold, M. Drake, Avery, Danny Samuels, Duke and M. Buffaloe. (Dkt. No. 9.) Plaintiff states that they participated in the identity theft, real estate fraud, and embezzlement alleged in the complaint. (*Id.* at 1.) In the attachment to the

motion purporting to be a summons, Plaintiff describes some of these individuals as state officials at CMC or at Martinez Detention Facility in Contra Costa County, which is in the Northern District of California. (Dkt. No. 9-1); 28 U.S.C. § 84(a).

Any Section 1983 claims Plaintiff wishes to assert against these individuals fail for the same reason as his claims against the four Defendants. Plaintiff alleges purely private conduct which cannot support a Section 1983 claim.

In light of the dismissal of the Complaint with leave to amend, Plaintiff's request is denied as moot. If Plaintiff wishes to pursue claims against these individuals and is able to cure the above-identified defects, he can include them his First Amended Complaint, with particularized supporting allegations as to each. See Fed. R. Civ. P. 15(a).

## V.

## ORDER

For the reasons discussed above, the Court DISMISSES the complaint with leave to amend.

Plaintiff shall have 30 days from the entry date of this Order to file a First Amended Complaint that corrects the deficiencies described above. Failure to file a timely amended complaint that corrects the deficiencies will result in dismissal of the action on the merits or for failure to prosecute. Fed. R. Civ. P. 41(b).

If Plaintiff chooses to file a First Amended Complaint, it must bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the prior complaints, attachments, pleadings or other documents.

The Clerk is DIRECTED to provide Plaintiff with a blank Central District of California civil rights complaint form. Plaintiff must use a Central District civil rights complaint form.

In addition, within 30 days after entry of this Order, Plaintiff is ORDERED to show cause in writing why this action should not be dismissed without prejudice

1 | for failure to pay the initial partial filing fee of $148.77 by the court-ordered
2 | deadline of September 15, 2022, or failure to prosecute.
3 | **IT IS SO ORDERED.**
4 |
5 |
6 | DATED: October 13, 2022                  _____/s/ David O. Carter_____
7 |                                                        DAVID O. CARTER
                                                           United States District Judge